Citation Nr: 1722236 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 11-31 846 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to an increased rating greater than 20 percent for degenerative disc disease of the lumbar spine prior to September 12, 2106, and a rating in excess of 40 percent thereafter. 

2. Entitlement to an increased rating greater than 30 percent for a right knee disability, to include chondromalacia of the right patella with torn medial meniscus repair and osteomalacia. 

3. Entitlement to an increased rating greater than 10 percent for a left knee disability, to include left knee strain with degenerative joint disease.

4. Entitlement to a rating in excess of 10 percent for left knee limitation of flexion associated with left knee strain with degenerative joint disease on or after September 12, 2016.




REPRESENTATION

Veteran represented by: Texas Veterans Commission


WITNESSES AT HEARING ON APPEAL

The Veteran and her spouse


ATTORNEY FOR THE BOARD

R. R. Watkins, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the United States Army from August 1984 to June 1987, August 1989 to August 1990, and January 1991 to May 1991.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a January 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

In October 2014, the Veteran appeared at a Board hearing before the undersigned. A transcript of the proceeding has been associated with the record.

In January 2014, October 2015, February 2016, and August 2016, the Board remanded the appeal to the Agency of Original Jurisdiction (AOJ) for additional evidentiary development. 

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. There is also a paperless, electronic record in the Virtual VA system. 
The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

In August 2016, the Board remanded the appeal to obtain VA examinations and retrospective medical opinions to comply with the United States Court of Appeals for Veterans Claims (Court) holding in Correia v. McDonald, 28 Vet. App. 158 (2016). The Court found that the final sentence of 38 C.F.R. § 4.59 (2016) requires that VA examinations include joint testing for pain on both active and passive motion and in weight-bearing and nonweight-bearing. Correia v. McDonald, 28 Vet. App. 158 (2016). 

The Veteran most recently was afforded VA examinations in September 2016. The VA examiner provided ranges of motion for the bilateral knees on active non-weight bearing and extension on passive non-weight bearing. Unfortunately, the VA examiner did not provide ranges of motion on weight bearing and did not provide flexion on non-weight bearing passive motion. With regard to the lumbar spine, the VA examiner provided ranges of motion but did not indicate whether they were performed in active, passive, weight-bearing, and/or nonweight-bearing ranges of motion. Accordingly, the Board finds that an updated VA examination is needed before the Veteran's claims can be adjudicated. Id.; see also Olsen v. Principi, 3 Vet. App. 480, 482 (1992), citing Proscelle v. Derwinski, 2 Vet. App. 629, 632 (1992).

Accordingly, the case is REMANDED for the following actions:

1. Schedule the Veteran for a VA examination by a medical doctor with the appropriate expertise to ascertain the severity of the service-connected lumbar spine disability, to include retrospectively. The examiner must review the claims file and should note that review in the report. 
The examination report must include ranges of motion of the lumbar spine in active motion, passive motion, weight-bearing, and nonweight-bearing, with notations as to the degree of motion at which the Veteran experiences pain. The extent of any weakened movement, excess fatigability, and incoordination on use should also be described by the examiner. The examiner should assess the additional functional impairment due to weakened movement, excess fatigability, or incoordination in terms of the degree of additional range of motion loss. The VA examiner must also provide a retrospective medical opinion addressing the ranges of motion and additional functional impairment of the lumbar spine since 2009.

If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so.

2. Schedule the Veteran for a VA examination by a medical doctor with the appropriate expertise to ascertain the severity of the service-connected right and left knee disabilities, to include retrospectively. The examiner must review the claims file and should note that review in the report. 

The examination report must include ranges of motion of the bilateral knees in active motion, passive motion, weight-bearing, and nonweight-bearing, with notations as to the degree of motion at which the Veteran experiences pain. The extent of any weakened movement, excess fatigability, and incoordination on use should also be described by the examiner. The examiner should assess the additional functional impairment due to weakened movement, excess fatigability, or incoordination in terms of the degree of additional range of motion loss. The VA examiner must also provide a retrospective medical opinion addressing the ranges of motion and additional functional impairment of the bilateral knees since 2009.

If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so.

3. After the above actions has been completed, readjudicate the Veteran's claims. If the claims remain denied, issue the Veteran and her representative a supplemental statement of the case. Afford her the appropriate period of time within which to respond thereto.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).